**Kaur Rabinder VIRK, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70272.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 20, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Tsz–Hai Huang Fax, Zeena Batliwalla, Rai & Associates, PC, San Francisco, CA, for Petitioner.

** This disposition is not appropriate for publi-cation and is not precedent except as provid-

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Renate Staley Mattera, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Kaur Rabinder Virk, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *See Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir.2006). We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2004), and we grant the petition and remand.

The IJ and BIA found Virk incredible because of perceived inconsistencies between her testimony and a report of country conditions in India. Because the agency improperly used the country report to discredit specific testimony regarding Virk's personal experience, these findings are not supported by substantial evidence.

ed by 9th Cir. R. 36–3.

See *Singh v. Gonzales*, 439 F.3d 1100, 1110 (9th Cir.2006). In addition, the IJ and BIA found Virk incredible because of a discrepancy between her testimony and her written asylum application and because she submitted an identification card that showed the incorrect age. Because these were minor inconsistencies that did not go to the heart of Virk's claim, the agency's findings are not supported by substantial evidence. *See id.* at 1108–09. The IJ and BIA also found Virk incredible because of certain perceived implausibilities in her testimony. Because these findings were based on speculation, they are not supported by substantial evidence. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000). Finally, the BIA found that Virk was incredible because she had failed to provide testimony or an affidavit from her cousin, with whom she was living, to corroborate her claim. Because any evidence provided by Virk's cousin would have been duplicative or non-material, this finding is not supported by substantial evidence. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000).

Accordingly, we remand for further proceedings consistent with this disposition. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**